488



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

This Opinion
Overrules Opinion
#O-6670, O-6712, O-6787
in so far as they conflict

Honorable Sam B. Hall
County Attorney
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-6908

Re: Constitutionality of
House Bill No. 80, Acts
49th Legislature, 1945.

We are in receipt of your letter of recent date wherein you request our opinion as to the constitutionality and validity of House Bill No. 80, Acts 49th Leg., 1945 (Art. 9786, V. A. P. C.). Your excellent discussion of the various propositions involved in determining the constitutionality of said Act has substantially aided us in our consideration of this matter.

We quote from H. B. No. 80, Acts, 49th Leg., as follows:

"AN ACT to provide a penalty for the private use of county property or labor or services paid for by a county, including supplies, equipment, or other things of value belonging to such county; and making it unlawful for any officer of any county to knowingly use the labor services of any person whose labor service is paid for by such county for private use; and providing that if any person appointed or employed by any officer of any court or the Commissioners' Court of any county shall knowingly use or permit to be used the labor or services of any person whose labor or service is paid for by such county for private use or profit shall be guilty of a misdemeanor; and declaring an emergency.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Sam B. Hall, page 2

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. If any officer of this State or of any county or of any municipality shall knowingly use or permit to be used for private profit to himself other than to the State, county, or municipality, any property, supplies, equipment, or other thing of value belonging to the State or to any county or municipality, he shall be punished by fine of not more than One Thousand Dollars ($1,000) or by imprisonment in the County Jail for not more than two (2) years or by both such fine and imprisonment.

"Sec. 2. If any officer of any county or of any municipality shall knowingly use or knowingly permit to be used for private profit to himself the labor or service of any person whose labor or service is paid for by such county, he shall be punished by fine of not more than One Thousand Dollars ($1,000) or by imprisonment in the County Jail for not more than two (2) years or by both such fine and imprisonment.

"Sec. 3. If any person appointed or employed by any officer of any county or by the Commissioners' Court of any county, or by any officer or any person appointed or employed by any municipality, or any person engaged in performing any business of any county or by any municipality however employed, shall knowingly use or knowingly permit to be used for private profit to himself any property, supplies, equipment, or other thing of value belonging to such county or to such municipality, he shall be punished by a fine of not more than One Thousand Dollars ($1,000) or by imprisonment in the County Jail for not more than two (2) years or by both such fine and imprisonment.

"Sec. 4. If any person appointed or employed by any officer of any county or by any officer of any municipality or any person engaged in performing any business of any county or of any municipality however employed, shall knowingly use or knowingly permit to be used for private profit to himself the labor or service of any person whose labor or service is paid for by such county or by such municipality, he shall be punished by a fine of not more than One Thousand Dollars ($1,000) or by imprisonment in the County Jail for not more than two (2) years or by both such fine and imprisonment.

Hon. Sam B. Hall, page 3

"Sec. 5. The fact that there is no law providing
a penalty against the use of public property unlawfully
as defined in this bill, and the fact that the present
session of the Legislature is about to adjourn sine die
and that the crowded condition of the calendar makes it
probable that this bill cannot be finally passed unless
under a suspension of the Constitutional Rule, create
an emergency and an imperative public necessity that the
Constitutional Rule requiring bills to be read on three
several days in each House be suspended, and said Rule
is hereby suspended, and this Act shall take effect and
be in force from and after its passage, and it is so
enacted."

Article 3, Section 35, Constitution of Texas, provides:

"No bill, (except general appropriation bills,
which may embrace the various subjects and accounts,
for and on account of which moneys are appropriated)
shall contain more than one subject, which shall be
expressed in its title. But if any subject shall be
embraced in an act, which shall not be expressed in
the title, such act shall be void only as to so much
thereof, as shall not be so expressed."

We note that the title of H. B. No. 80 relates only to the
penalty for the private use of county property, etc., by county
officers and employees, while the body of said Act contains
provisions with reference to the penalty for the private use of
State property by State officers, as well as provisions with
reference to a similar penalty for officers and employees of
municipalities who use the property, etc., of municipalities
for private profit.

As a general rule, a title should be neither broader nor
narrower than the body of an act (39 Tex. Jur., Sec. 46, p. 99;
McPherson v. Camden Fire Ins. Co., (Comm. App.) 222 S. W. 211,
affirming 185 S. W. 1055). When the title of an act is too
narrow or restrictive to cover the body of an act, those por-
tions of the act not embraced in the title are void (39 Tex.
Jur., Sec. 46, p. 100; Providence Washington Ins. Co. v. Levy
(Civ. App.) 189 S. W. 1035; Ward v. State, 102 Crim. Rep.,
204, 277 S. W. 672; Ex Parte Heartsill, 38 S. W. (2d) 803;
Burnett v. State, 42 S. W. (2d) 1107).

In view of the fact that the title of H. B. No. 80 is
restricted to the matter of the private use of county property,
etc., by county officers and employees, it is therefore our
opinion that those provisions in the body of the Act with
reference to the private use of State property by State officers
and the private use of the property of municipalities by municipal
officers and employees are void.

Hon. Sam B. Hall, page 4

As to whether the portion of the Act which is in conformity with the title can stand is dependent upon the object of the law, the intention of the Legislature, and the manner in which the unconstitutional portions affect the remainder of the Act (See 9 Tex. Jur., Sec. 56, p. 473; State v. Laredo Ice Co., 96 Tex. 461, 73 S. W. 951). Where portions of an act are unconstitutional and where all of the provisions of the act are connected in subject matter and operating together for the same purpose, or otherwise so connected in subject matter in such a manner that it cannot be presumed that the Legislature would have passed the one without the other, the whole act is void. (Spence v. Fenchlet, 107 Tex. 443; Lewis' Sutherland Statutory Construction Second Ed. Vol. 1, p. 600; 9 Tex. Jur., Sec. 56, pp. 473-4, and cases cited thereunder.

In the instant situation, when the Act is viewed as a whole, it is manifest that the purpose of the Act was to provide a penalty for the private use of public property and other things of value belonging to or paid for by the State, a county or municipality. The body of the Act contains provisions which are applicable to all of the general classifications of public officers in this State (State, county and municipal). Moreover, all of the above mentioned public officers, which are subject to the provisions of the Constitution and laws of this State, are by this Act, subject to the same penalty for using public property for private profit. Also, we call particular attention to the following language contained in Section 5 of said Act:

> "The fact that there is no law providing a penalty against the use of public property unlawfully as defined in this bill, . . . create an emergency. . ." (Underscoring ours)

The preceding sections of the Act contain provisions with reference to the property of the State, counties and municipalities.

We note further that H. B. No. 80 contains no severability or savings clause, and we are unable to find any indication that the Legislature would have enacted same with the unconstitutional provisions eliminated. In view of the nature and general purpose of H. B. No. 80, it is our opinion that the Legislature intended that the provisions thereof would be applicable as a whole and did not intend that they would be applicable only to counties, when the portions of the Act with reference to the State and municipalities are unconstitutional.

Hon. Sam B. Hall, page 5

In the case of Gerhardt v. Yorktown Independent School District, (Civ. App.) 252 S. W. 197, it was said:

"It is a well settled rule that, if the several provisions of a legislative act are so mutually connected with and dependent on each other as to warrant the belief that the Legislature intended them as a whole, and would not have enacted one or more of them if the others could not be joined and carried into effect, then all the provisions must fall."

In view of the above and foregoing, it is our opinion that the portion of H. B. No. 80 relating to the private use of county property cannot be permitted to stand, and that H. B. No. 80 is invalid in its entirety.

Heretofore, this department has not been called upon to pass on the constitutionality of H. B. No. 80, although certain opinions have been written with reference to the interpretation of the language of certain provisions within the Act. In view of our holding herein, we hereby overrule our Opinions Nos. 0-6670, 0-6712 and 0-6782, only insofar as the holdings therein may conflict with the holdings of this opinion.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By
J. A. Ellis
Assistant

JAE:LJ

APPROVED NOV 1945
FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN